UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIGER NATURAL GAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, et al., <br><br> Defendants. | Case No. 16-cv-06711-JSW (SK) <br><br> **ORDER REGARDING DISCOVERY DISPUTES FILED ON SEPTEMBER 14** <br><br> Regarding Docket No. 77 |

The parties submitted a joint letter brief regarding Plaintiff's designation of witnesses for a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Defendants complain that Plaintiff designated more than one witness for some topics in response to "Defendants' Amended Notice of Taking of 30(b)(6) Deposition of Tiger Natural Gas, Inc." (the "Deposition Notice") (Dkt. 77-1). For example, in response to topic one of the Deposition Notice, Plaintiff designated two witnesses. In total, Plaintiff designated three witnesses for 16 topics in the Deposition Notice, and Plaintiff designated two witnesses for three topics in the Deposition Notice. (Dkt. 77, at page 2.)

The plain language of Rule 30(b)(6) allows the responding party, an organization, generally to "designate one or more officers, directors, or managing agents," or "other persons" and to specify the topics "on which each person designated will testify." Fed.R.Civ.P. 30(b)(6). The parties agree that Rule 30(b)(6) is silent on the issue of whether a party can specifically designate more than one witness for a specific *topic* within a Rule 30(b)(6) notice. Case law is largely silent on this issue, and the only case cited by the parties on this issue addressed this issue only obliquely. *JSR Micro, Inc. v. QBE Ins. Co*., 2010 WL 1338512, at *3 (N.D. Cal. Apr. 5,

2010). In *QBE*, the Court ordered that the party responding to a Rule 30(b)(6) deposition notice designate only three witnesses per topic. *Id.* The decision thus implies – without discussion – that a party may designate more than one witness per topic.

The Court rules that a party may designate more than one witness per topic, mainly because the creation of topics is an artificial category created by a party in litigation, and it is likely that one person at a company may not have the knowledge sufficient to respond adequately to a topic. For example, topic one in the Deposition Notice here asks for testimony from Plaintiff on the following subject: Plaintiff's "business model and organizational structure for its business from PG&E's service territory from 2010 to the present." (Dkt. 77-1.) One can imagine a scenario in which there could be two witnesses to testify on this subject, given the time span, and that one witness could testify about 2010 to 2014, with another witness designated for the later time span.

Defendants argue that allowing more than one witness to testify on a topic is inefficient. Although it is possible that allowing more than one witness to testify on a specific topic is not the most efficient manner of providing information, the need for accurate information is more important in this context than efficiency. Plaintiff has an obligation to provide a witness who can testify knowledgeably on the topics.

Defendants also express concern about conflicting answers from the witnesses. If this were to happen, the parties may bring this issue to the Court's attention. Plaintiff is cautioned that any inconsistency will not be favorable to Plaintiff. But the fact that a problem might later arise is does not justify preventing Plaintiff from responding in the manner it believes is necessary to comply with Rule 30(b)(6).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Finally, the Court orders Plaintiff to explain, in a short statement, why it has designated more than one witness for a topic. For example, in the hypothetical example above, Plaintiff could explain that witness A will testify about the time period from 2010 to 2014, and witness B will testify about the time period from 2014 to 2018. Plaintiff must provide this short statement to Defendants at least 48 hours before the deposition.

**IT IS SO ORDERED**.

Dated: September 17, 2018



SALLIE KIM
United States Magistrate Judge